# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY L. SHORT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN SANZBERRO, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00996-OWW-GBC (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FAILURE TO PROSECUTE<br><br>(Doc. 25) |

　　　Plaintiff Rodney L. Short ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint filed July 30, 2009, against Defendants John Sanzberro, Chris Grijalva and John Roggencamp for use of excessive force arising from the April 29, 2009, incident and against Defendants John Sanzberro, Chris Grijalva, John Roggencamp, John Kowall and Tirath Gill ("Defendants") for denial of due process arising from the forcible medication of Plaintiff. On August 10, 2010, Defendants filed a motion to dismiss. Plaintiff failed to file an opposition or a statement of non-opposition to the motion, in compliance with Local Rule 230(l), and on December 1, 2010, the Court ordered Plaintiff to do so within thirty days. More than four months have passed and Plaintiff has not filed any response to Defendants' motion to dismiss and Plaintiff has yet to submit a timely response to the Court's order.

　　　In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in

1

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since June 2009. Plaintiff is obligated to comply with the Local Rules and was informed via court order regarding the need to oppose a motion to dismiss. Despite Plaintiff's duty to comply with all applicable rules and despite the previous issuance of the motion to dismiss notice, the Court again prompted Plaintiff to comply by filing an opposition or a statement of non-opposition. The Court's effort was met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to comply with the Local Rules and the Court's order that is causing delay. Therefore, the third factor weight in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scare resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal. Id. at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d

1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted), as is the case here.

In summary, Plaintiff filed this action but is no longer prosecuting it. More than four months have passed since Defendants filed their motion to dismiss, and Plaintiff has not responded, despite being notified of the requirement to respond via the Court's First Informational Order, the Court's Second Informational Order, and the Court's order specifically directing him to respond. (Docs. 6, ¶11; Doc. 11; Doc. 24; 29). This Court is buried under a veritable flood of civil cases and simply cannot afford to expend resources resolving an unopposed motion to dismiss in a case the Plaintiff is no longer prosecuting. Accordingly, the Court finds that dismissal is the appropriate sanction and ORDERS that this action be DISMISSED, WITH PREJUDICE, for failure to prosecute.

IT IS SO ORDERED.

**Dated:   January 11, 2011**              /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE