# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY L. SHORT,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN SANZBERRO, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-00996-OWW-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 33) |

## I.  Plaintiff's Motion for Reconsideration

    A.  Procedural History

Plaintiff Rodney L. Short ("Plaintiff") is a state civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 10, 2010, Defendants filed a motion to dismiss. Plaintiff failed to file an opposition or a statement of non-opposition to the motion, in compliance with Local Rule 230(l), and on December 1, 2010, the Court ordered Plaintiff to do so within thirty days. On January 11, 2011, Plaintiff filed an opposition to the motion to dismiss however it was not entered on the docket until January 12, 2011. (Doc. 30). On January 12, 2011, the Court issued an order dismissing the action with prejudice for failure to prosecute. (Doc. 31). On January 25, 2011, Plaintiff motioned to vacate the Court's order dismissing the case. (Doc. 33). On May 23, 2011, the Court ordered Defendants to file an opposition or statement of non-opposition to Plaintiff's motion to vacate. (Doc. 35). On March 25, 2011, Defendants filed an opposition. (Doc. 36).

1

B.     Standards for Reconsideration

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981); *accord LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id*. When filing a motion for reconsideration, Local Rule 230(j)(3) & (4) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."

In his motion for reconsideration, Plaintiff argues that his opposition was timely since he filed his opposition a week before the dismissal order was filed. (Doc. 33). Even with the three extra days allotted to account for service of the order pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, Plaintiff fails to demonstrate that filing his opposition thirty-four (34) days after the Court issued the order on December 1, 2010, is timely. Plaintiff fails to demonstrate why the dismissal should be vacated.

This Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds that Plaintiff failed to submit a timely objection and finds that its order to

1 dismiss Plaintiff's action for failure to prosecute is supported by the record and by proper analysis.

2 Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (Doc.
3 33), filed January 25, 2011, is DENIED.

4 IT IS SO ORDERED.

5 **Dated:   June 2, 2011**              /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE